S. P. RIMMER *v.* J. H. DAVIS, Administrator.

**Commissioner's Sale of Land — When Set Aside.**

A commissioner's sale of land, under a decree to enforce a vendor's lien, will be set aside at the instance of the complainant upon good cause shown.[1]

**Same — Costs — How Taxed.**

A complainant in a bill to enforce a vendor's lien, who files exceptions to the report of the commissioner appointed by the court to make the sale, and procures an order setting the sale aside, will be taxed with the costs accruing after the sale which has been set aside, and if the purchaser appeals to the Supreme Court from the decree setting aside the sale, the costs in that court will be divided equally between the parties when the decree is affirmed.

In 1875 E. C. Young sold a tract of land in Attalla county to Mrs. J. A. Fuller, who was a married woman, and she and her husband executed a note for part of the purchase money for $780 to Young, and a vendor's lien was reserved on the land sold to secure same. The note was afterwards assigned to J. T. Catron and part of it was paid. Catron died and J. R. Davis was appointed administrator of his estate, and he filed the bill in this case against Mrs. Fuller and her husband and S. P. Rimmer, who had purchased

---

[1]

"And when the sale has been completed, the executor of administrator shall make report thereof in writing to the court, stating the time and place of sale, the name of the purchaser, and the amount of the purchase money, and shall satisfy the court that the directions prescribed in the decree of sale have been followed, and thereupon the court shall proceed to make a decree confirming the sale, unless good reason be shown to the contrary. And the court shall order the executor or administrator to make a conveyance to the purchaser of the land so sold, which shall vest in the purchaser as good and perfect an estate in the premises therein mentioned, as the heirs or devisees of such testator or intestate were seized of, or entitled to, at the time such order of sale was made; *provided,* that if such sale be not reported to the following term of the court, the same shall not be void, but the court may compel the making of a proper report at a subsequent term, and may then confirm or set aside the same, and the person failing to make such report in proper time may be fined by the court as for a contempt, not exceeding $100." Code of 1880, § 2050; Code of 1892, § 605; Code of 1906, § 655.

the land from Mrs. Fuller to enforce the vendor's lien. Defendants did not answer the bill and a *pro confesso* decree was rendered against them and a final decree referring the cause to a commissioner to state an account between the parties, and he reported a balance due on the note of $132.51, and a decree was rendered ordering a sale of land to pay it. The commissioner advertised and sold the land to S. P. Rimmer. He made his report and the complainant filed the following exceptions to the sale: The sale was made upon imperfect and insufficient notice; the amount of the bid was not paid; the failure to notify the complainant's solicitor on the day of the sale; the purchaser first bid the amount of the decree and then withdrew it and bid $50; surprise.

Complainant introduced evidence to support these exceptions and the purchaser also introduced proof. From a decree setting aside the sale the purchaser, S. P. Rimmer, appeals.

APPEALED from Chancery Court, Attalla county, R. W. WILLIAMSON, Chancellor.

Decree affirmed and cause remanded, April 15, 1881.

*Attorney for appellant, L. Brame.*

*Attorneys for appellee, Nugent & McWillie.*

Brief of L. Brame:

Fuller and wife having made no objection to the sale, of course the court could not consider their interests on the question of a re-sale. It is perfectly clear from the record that the complainant and his solicitors are guilty of *laches.* Complainant cannot object that the property was sold at a low price. Being clearly chargeable with negligence in respect to this sale, he must take his chances on collecting the small balance of $90 out of Fuller and wife, the parties who really owe the money.

But it will be said Fuller and wife are insolvent and cannot be compelled to pay the balance. We ask the court to consider this question of the insolvency of these parties in connection with Rimmer's rights. He had purchased the land from Fuller and wife and had paid them for it and it was a hardship on him to be compelled to pay anything on this decree; considering the equi-

ties of the complainant and Rimmer, which one occupies the more favorable position before the court?

It is evident that there was not the least misconduct on the part of either the commissioner or the purchaser. The only thing that was at all *unusual* was that the sale was delayed until three o'clock in the afternoon and the proof shows that this was for the purpose of securing, if possible, the presence of the complainant's solicitors at the sale. The complainant in person knew that the lands had been advertised; his solicitor, Captain Campbell, knew of it, and had been notified when the sale was to occur. According to his own statement there is a virtual admission that the solicitor did not appear at the sale, or have his partner do so because of the fact that he had *forgotten the time of the sale.*

There is nothing in the point that Rimmer at first bid the amount of the decree and costs and then withdrew it and bid $50. He states that this was the first commissioner's sale he had ever attended and that he was under the impression that he would have to bid the full amount due. This was strengthened by the supposition, too, that the other side would make the land bring that much, and by the additional fact that the commissioner asked that the bidding should be commenced by an offer of the amount of the decree and costs. Rimmer made the bid that way, but when Mr. Davis, a bystander, saw his misapprehension, he relieved him of it, and a bid of $50 was made. Rimmer was *forced to bid on the property to protect his own interests,* and he had the right to buy it at the lowest possible price.

The sale was openly and fairly made, and the testimony shows that the commissioner made a greater effort than is usual to attract bidders. "A sale ought not to be set aside and a re-sale ordered for the benefit of those interested in the fund arising from the sale, merely to protect them, they being adults, from the consequences of their own negligence or ignorance, when by proper diligence on their part the matter complained of might have been avoided. Rorer on Ju. Sales, § 424.

I am aware that the rule here stated is more liberally applied in favor of a purchaser who is not a party to the proceedings. The reason of this is the supposed duty or obligation resting on a party to the suit in favor of one or both sides, to make the property bring as large a price as possible. But the reason does not apply to the purchaser in this case. He was under no obligation to the com-

plainant, because he did not owe the debt. He was under no obligation to Fuller and wife, because he had already bought the land from them and paid for it. The truth is, Rimmer occupies a more favorable attitude than if he had been an outsider. If he has secured a position in which he can partially protect his own interests, the court has no right to dislodge him at the instance of a party who has been guilty of negligence.

I presume it will not be contended that Fuller and wife have any right to insist on a re-sale. They filed no exceptions to the commissioner's report; and besides, they are not in an attitude to complain that Rimmer has purchased the land which they had sold him at a low price.

If it was proper to set aside the sale, certainly the court should have taxed the complainant with all the costs of the application and of the re-sale, and the purchaser should have been reimbursed for all his expenses, including a reasonable solicitor's fee. Ins. Co. *v.* Oakley, 9 Paige, 264.

The amount due complainant is small, and the costs proportionately will necessarily be large. It will certainly be a hardship to compel Rimmer to pay the *increased costs* of a re-sale, including the fees for taking the testimony that was used on the hearing of the application.

It is no answer to this objection to say that the costs will be adjudged against Fuller and wife, if the same is to come out of the proceeds of the sale of the land. Fuller and wife are insolvent, and that would be the same in effect as if the costs were taxed against Rimmer in the first instance.

At the end of the bill of exceptions the chancellor added a statement that the evidence showed that one or the other of complainant's solicitors had been *advised* that Rimmer would bid the amount of the decree and costs. (Not that Rimmer had promised to bid that much). It is somewhat singular that the chancellor put in this statement. He could not give the name of the witness who so testified. Both the solicitors testified, yet neither of them stated that he was so advised or led to believe. But suppose these solicitors were so "advised," was it not a case of pure negligence on them to reply upon the fact that Rimmer would, as a mere voluntary thing, disregard his own interests and bid the full amount due complainant?

Of course if the land was worth more than the amount due,

these parties had the right to assume that Rimmer, if forced to it, would bid that much; but they had no reason to believe, even if they were so advised, that Rimmer would bid the amount for the property if he could get it for any less.

If these judicial sales are not to be treated as mere child's play, the decree of the learned chancellor must be reversed, or at least modified in some way.

Brief of Nugent & McWillie:

The exceptions to a confirmation of the sale in this case were as follows: 1. The sale was made upon imperfect and insufficient notice. 2. The non-payment of the amount of the bid. 3. Failure to notify complainant's solicitors. 4. The appellant bid the amount of the decree and withdrew it, and bid $50. 5. Surprise. 6. Notice thereof on the very day of sale, as well as for other reasons to be orally assigned. The exceptions were sustained and the bill set aside, and the appellant allowed twenty days from September 24, 1880, to prepare his bill of exceptions, to be signed as of the term, and the bill was not filed until October 25, 1880. It is not shown on the face of the bill that it contains all the evidence offered on hearing of the exceptions to the confirmation of the report and sale. Rimmer bid the amount of the decree, $140, and withdrew his bid to compass a fraud. This would furnish a sufficient reason to set aside the sale. But the other reasons were sufficient, and there is no error of which Rimmer can complain. Henderson *v.* Herrod, 23 Miss. 453.

We do not think it necessary to do anything more than refer the court to the bill of exceptions in the case, which was not filed within the time limited by law.

Brief of L. Brame in reply:

On the 24th of September, 1880, appellant was granted twenty days within which to prepare the bill of exceptions "to be signed as of this term of court." The bill of exceptions was prepared and signed by the chancellor, October 11, 1880, within the time fixed. It is immaterial when the bill was marked filed by the clerk. It became a part of the record on being signed by the chancellor. Kimball *v.* Mitchell, 57 Miss. 632.

The bill of exceptions recites that "the following testimony was then and there introduced." The testimony of each witness is

set out.   A fair construction and the only proper or reasonable construction of the bill of exceptions is, that it contains all the testimony.   To hold otherwise would be to impute to the counsel and the court below the doing of an altogether useless and foolish thing in making the evidence a part of the record.   When the bill of exceptions to the judgment of the court on a motion for a new trial contains evidence given on the trial, it will be presumed that it contains all the evidence unless the contrary expressly appears, it being the duty of the court to set out all the evidence.   Stamps *v.* Bush, 7 How. 255; Porter *v.* Douglass, 27 Miss. 379.

With all deference to the learned counsel, it is submitted that there is no just ground for the charge that Rimmer withdrew his bid and put in another to perpetrate a fraud.

OPINION.—BY THE COURT:

*Decree affirmed* and cause remanded, with·instructions that all costs accruing or to accrue after the sale which·was set aside shall be taxed against complainants.   Costs in this court to be equally divided.

CAMPBELL, J., takes no part in this case.